## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                    No. CR-04-1962 RB

SCOTT REARDON,

       Defendant.

### ORDER

This matter is before the Court on Defendant's Motions For Awaiting Trial Jail Credit (Doc. 44, 45) filed September 25 and October 1, 2007.  Defendant asserts that he is entitled to credit against his sentence for pre-judgment confinement during this proceeding.  He is confined in a Massachusetts facility.  Plaintiff has filed a response to the motions, requesting that the Court credit Defendant a much smaller amount of time against his sentence than is requested in the motions.

This Court "does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  No such statutory authority is presented in the motions.  And second, even if the Court were to grant credit for prior custody against the term of imprisonment, Defendant's post-conviction custodian--the Attorney General or BOP--would not be bound by the calculation.  *See United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) (citing *United States v. Wilson*, 503 U.S. 329, 333, 337 (1992).

A district court may review, in an application under 28 U.S.C. § 2241, the computation of jail-time credit against a federal sentence only after the prisoner has exhausted his administrative remedies at the BOP.  *See Wilson*, 503 U.S. at 335-36; *Bennett v. United States Parole Comm'n*, 83

F.3d 324, 328 (10th Cir. 1996).  Here, Defendant makes no allegation that he has sought the BOP's administrative review of the computation of his sentence.  No opinion is expressed or implied herein as to whether Defendant has exhausted administrative remedies.  Even assuming that Defendant may now pursue his habeas corpus remedies under under 28 U.S.C. § 2241, this Court would not have jurisdiction of such an application unless Defendant were confined in this district.  *See United States v. Buck*, No. 99-2129, 1999 WL 811685, at **2 (10th Cir. Oct. 12, 1999) (§ 2241 application "must be filed in the district where the petitioner is confined."); *and see Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  Defendant's motions will be denied without prejudice to his right to pursue an application for writ of habeas corpus under 28 U.S.C. § 2241 in the district where he is confined.

IT IS THEREFORE ORDERED that Defendant's Motions For Awaiting Trial Jail Credit (Doc. 44, 45) filed September 25 and October 1, 2007, are DENIED without prejudice to Defendant's right to pursue habeas corpus relief under 28 U.S.C. § 2241 in the district where he is confined.

_____

UNITED STATES DISTRICT JUDGE

2